**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-3167 |
| RAPID SETTLEMENTS LTD., | § § § | |
| Defendant. | § | |

**PRELIMINARY INJUNCTION ORDER**

Symetra Life Insurance Company and Symetra Assigned Benefits Service Company ("Symetra") applied for a preliminary injunction against Rapid Settlements, Ltd. Symetra asked this court to enjoin Rapid Settlements from pursuing arbitration against any Symetra annuitant (including Candy Ann Richardson, Paul Patterson, Kenneth Gross, Thomas Remedies, Mary Foreman, Leslie Dean, and Robert Hargette) that directly or indirectly would effect a transfer to Rapid Settlements of all or part of the annuitant's future-payment stream, if no state court has approved a transfer to Rapid Settlements under the applicable state structured settlement protection act requirements. Symetra also asked this court to enjoin Rapid Settlements from seeking, pursuing, or enforcing, with respect to any Symetra annuitant, an arbitration award or a judgment confirming an award that directly or indirectly would effect a transfer of all or part of the future-payment stream under a Symetra annuity to Rapid Settlements, absent prior state-court approval under the applicable state structured

settlement protection act. For the purpose of this order, "transfer" means any sale, assignment, pledge, hypothecation, or other alienation or encumbrance of structured-settlement payment rights made by a payee for consideration, except that the term does not include the creation or perfection of a security interest in structured-settlement payment rights under a blanket security agreement entered into with an insured depository institution, in the absence of any action to redirect the structured settlement payments to the insured depository institution, or its agent or successor in interest, or to enforce the blanket security interest against the structured settlement payment rights.

This court has found and concluded as follows:

(a) Rapid Settlements obtains arbitration awards that directly or indirectly effect a transfer of a Symetra annuitant's future-payment rights;

(b) As to some Symetra annuitants, Rapid Settlements has used the arbitration clauses in its proposed transfer agreements with Symetra annuitants to obtain the right to future-payment streams from the annuitants in the absence of the state-court approval as required by the applicable state structured settlement protection acts;

(c) Rapid Settlements has obtained arbitration awards that directly or indirectly effect transfers of those future-payment rights and order Symetra to make such payments to Rapid Settlements rather than to Symetra annuitants, absent state-court approval of such transfers under the applicable state structured settlement protection acts;

(d) Rapid Settlements has obtained state-court confirmation of such arbitration awards without notice to Symetra that would permit timely challenges to such judgments;

(e) A state court's confirmation of such arbitration awards does not equate to the required state-court approval of proposed transfers under the state structured settlement protection acts;

(f) Rapid Settlements has sought such arbitration awards against Symetra and sought to enforce such awards against Symetra despite the lack of any arbitration agreement between Symetra and Rapid Settlements; and

(g) Rapid Settlements's use of arbitration to directly or indirectly effect a transfer of structured-settlement payment rights in the absence of statutorily required state-court approval of the transfer violates the applicable state structured settlement protection acts.

In this court's memorandum and order entered January 10, 2007, this court further found and concluded that: (a) Symetra is likely to prevail on the merits; (b) Symetra would be irreparably harmed if this injunction did not issue; (c) Rapid Settlements will not be significantly harmed as a result of the issuance of this Preliminary Injunction; and (d) the public interest will be served by the injunction.

This court ORDERS that, pending the hearing on a permanent injunction, Rapid Settlements, Ltd. and its agents, servants, employees, component partners, attorneys, and all persons acting on its behalf and in concert with it or them, be enjoined as follows:

(a) from using arbitration to effect, directly or indirectly, a transfer of all or part of a Symetra annuitant's future-payment stream, unless before the arbitration a court authorized by the applicable state structured settlement protection act to approve the proposed transfer has done so in accordance with that act. "Using arbitration" in the preceding sentence includes beginning an arbitration proceeding or seeking an award or other relief in an arbitration proceeding.

(b) If an arbitration award prohibited by (a) was issued before the date of this Order but not reduced to final judgment, Rapid Settlements is prohibited from seeking confirmation or enforcement of the arbitration award against Symetra in a court proceeding without giving Symetra timely notice and an effective opportunity to challenge the award in that court before the award is confirmed, enforced, or otherwise reduced to judgment.

(c) If an arbitration award prohibited by (a) was confirmed by final judgment before the date of this Order (including, but not limited to the judgments confirming the arbitration awards in the *Richardson* and *Gross* matters), Rapid Settlements is prohibited from taking action seeking to compel Symetra to comply with the judgment unless Rapid Settlements gave Symetra timely notice and an effective opportunity to challenge the arbitration award before it was confirmed, enforced, or otherwise reduced to final judgment.

Symetra must post a bond in the amount of $50,000.

SIGNED on February 6, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4