**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3167 |
| | § | |
| RAPID SETTLEMENTS, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM, OPINION, AND ORDER OF CONTEMPT**

On February 6, 2007, this court entered a preliminary injunction against Rapid Settlements, Ltd. enjoining it from using arbitration to effect, directly or indirectly, a transfer of all or part of a Symetra annuitant's structured settlement future-payment stream unless a state court had previously approved the transfer as required under the applicable state structured settlement protection act. (Docket Entry No. 98). On April 18, 2007, Rapid Settlements obtained an arbitration award against Kenneth Gross, a Symetra annuitant, in Harris County, Texas, which purported to bind Symetra as well. On April 30, 2007, Symetra filed a motion for civil contempt in this court, arguing that Rapid Settlements had violated this court's preliminary injunction order. (Docket Entry Nos. 131, 133). Rapid Settlements responded. (Docket Entry No. 139). This court held a hearing on the contempt motion on May 24, 2007 and ruled that Rapid Settlements had violated this court's February 6, 2007 injunction order. The reasons are explained below.

**I.      Background**

This court's January 10, 2007 memorandum and order discussed in detail Rapid Settlements's efforts to obtain Kenneth Gross's future-payment rights under his Symetra annuity. (Docket Entry No. 84). Gross entered into four separate transfer agreements with Rapid Settlements: one on August 9, 2004; one on February 9, 2005; and two on March 28, 2005. (Docket Entry No. 82, Exs. B–E). Rapid Settlements sought approval of the August 2004 proposed transfer agreement in an Indiana court under that state's structured settlement protection act. The Indiana court rejected the proposed transfer on December 20, 2004. Gross then entered into a February 9, 2005 proposed transfer agreement with Rapid Settlements. Rapid Settlements did not seek state-court approval of this transfer, as required by the state structured settlement protection act. Gross also entered into a proposed transfer agreement with 321 Henderson. Upon learning of Gross's contract with 321 Henderson, Rapid Settlements invoked the arbitration clauses in its two agreements with Gross, asserting that by entering into an agreement with 321 Henderson, Gross had breached the right-of-first-refusal provisions in the February 9, 2005 proposed transfer agreement. Gross then cancelled his agreement with 321 Henderson and entered into the two March 2005 proposed transfer agreements with Rapid Settlements. Rapid Settlements did not seek state-court approval under the applicable state structured settlement protection act for these proposed transfers. Rapid Settlements instead pressed forward with an arbitration proceeding against Gross in Harris County, Texas, seeking an award that would effect a transfer of Gross's future-payment rights under his Symetra annuity.

An arbitrator in Harris County, Texas, selected by Rapid Settlements, issued an "agreed" arbitration award on May 25, 2005. Symetra had notice of the arbitration but did not participate except to file a written objection to any attempt to bind it to the result, noting that it was not a party to any contract requiring it to arbitrate with Rapid Settlements and was not a party to the arbitration. Gross and his attorney "appeared" in the arbitration by telephone from Indiana. The arbitration award stated that Gross was receiving the "present fair-market value" for his future structured settlement payments from Rapid Settlements and that the transfer was in his best interests. (Docket Entry No. 52, Ex. 3.7). The arbitrator ordered Symetra to pay Gross's future structured settlement payments to Rapid Settlements. The arbitrator also ordered Rapid Settlements to pay Gross the amounts due under the March 2005 transfer agreements once the arbitration award was domesticated in an Indiana court.

A Harris County, Texas state court entered an "agreed" final judgment confirming the arbitration award two days later, on May 27, 2005. The final judgment adopted the language of the "agreed" arbitration award and ordered Symetra to make Gross's annuity payments to Rapid Settlements. In the Texas state court, Symetra asserted that it did not receive notice of the application for, nor issuance of, the final judgment confirming the arbitration award in that court until more than thirty days after the judgment had issued. Symetra nonetheless asked that court to vacate the final judgment on the basis that the arbitration could not circumvent the requirements of the Texas Structured Settlement Protection Act. On July 19, 2005, the Texas state court vacated its earlier issued final judgment confirming the arbitration award. Rapid Settlements then sought mandamus relief from a Texas appellate court. The

3

First Court of Appeals held that when the trial court vacated its judgment, it lacked plenary power to do so. The appellate court refused, however, to order enforcement of the judgment as to Symetra because it had not received notice within the time that would have permitted a challenge to Rapid Settlements's effort to confirm the award or appeal from the final judgment confirming the award. "If the Symetra parties were never served, the portion of the judgment that affects them is voidable." *In re Rapid Settlements, Ltd.*, No. 01-05-00938, 2006 WL 2640398, at *1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2006, no pet.). Rapid Settlements also tried to domesticate the Texas judgment against Gross in state court in Posey County, Indiana, in June 2005, but that court denied the domestication.

In the January 10, 2007 memorandum and order, this court found that Symetra had shown a likelihood of success in demonstrating that Rapid Settlements's use of arbitration to obtain awards that effected a transfer of a structured settlement annuitant's payment streams, without obtaining state-court approval of the transfer under the applicable structured settlement protection acts, and Rapid Settlements's confirmation of those arbitration awards in state courts, violated the applicable state structured settlement protection acts. This court found that in the *Gross* matter, Symetra had shown a likelihood of success in demonstrating that Rapid Settlements had not obtained state-court approval of the proposed structured settlement transfer as required by the applicable state structured settlement protection act and had used arbitration to circumvent those requirements. This court enjoined Rapid Settlements from "taking further action to compel Symetra to comply with the judgments entered in the . . . *Gross* matters pending the hearing on a permanent injunction." (Docket

4

Entry No. 84 at 70). This court also enjoined Rapid Settlements from "using arbitration to resolve disputes between it and any Symetra annuitant, if that arbitration, directly or indirectly, effects a transfer of all or part of the annuitant's future-payment stream, unless a state court has approved the transfer as required under the applicable state structured settlement protection act." (*Id.* at 71).

On February 6, 2007, this court entered its preliminary injunction order, enjoining Rapid Settlements as follows:

> (a) from using arbitration to effect, directly or indirectly, a transfer of all or part of a Symetra annuitant's future-payment stream, unless before the arbitration a court authorized by the applicable state structured settlement protection act to approve the proposed transfer has done so in accordance with that act. "Using arbitration" in the preceding sentence includes beginning an arbitration proceeding or seeking an award or other relief in an arbitration proceeding.
>
> (b) If an arbitration award prohibited by (a) was issued before the date of this Order but not reduced to final judgment, Rapid Settlements is prohibited from seeking confirmation or enforcement of the arbitration award against Symetra in a court proceeding without giving Symetra timely notice and an effective opportunity to challenge the award in that court before the award is confirmed, enforced, or otherwise reduced to judgment.
>
> (c) If an arbitration award prohibited by (a) was confirmed by final judgment before the date of this Order (including, but not limited to the judgments confirming the arbitration awards in the *Richardson* and *Gross* matters), Rapid Settlements is prohibited from taking action seeking to compel Symetra to comply with the judgment unless Rapid Settlements gave Symetra timely notice and an effective opportunity to challenge the

>> arbitration award before it was confirmed, enforced, or otherwise reduced to final judgment.

(Docket Entry No. 98).

Despite the injunction, Rapid Settlements continued an arbitration proceeding it had begun against Kenneth Gross in October or November 2006. That arbitration resulted in an award in Rapid Settlements's favor on April 18, 2007. In the arbitration, Rapid Settlements sought to enforce the May 25, 2005 arbitration award and judgment confirming that award. The same arbitrator was used in both the May 2005 arbitration and the April 2007 proceeding. The April 2007 award gave Rapid Settlements as "damages" Gross's future-payment stream under the Symetra annuity. The award also purported to require Symetra to transfer Gross's rights under the annuity to Rapid Settlements, despite the absence of any state-court order approving the transfer under the applicable state structured settlement protection act and despite a state-court order disapproving the transfer sought in an earlier proposed agreement under the applicable act.

The arbitration award stated in part as follows:

THEREFORE, IT IS HEREBY:

>> ORDERED, ADJUDGED, AND DECREED that Kenneth R. Gross, his representatives, employees, agents, assigns, attorneys, any person or persons claiming by, through or under Mr. Gross and all persons acting in concert with any of the aforementioned and all persons with knowledge of the First Award or this Second Award, are hereby enjoined from interfering with the terms of the First Award or this Second Award, including specifically by way of example and not by way of limitation, acting in any way which would impair, undermine, or delay the

payment of the Assigned Payments herein to Rapid or its assignee as set forth herein; . . . It is further

. . . .

ORDERED ADJUDGED, AND DECREED that the Assignment Payments are hereby ordered garnished and turned over to Rapid's assignee under the First Award . . . ; it is further

. . . .

ORDERED, ADJUDGED, AND DECREED that Mr. and Mrs. Gross shall execute the following documents contemporaneously with the entry of this Second Award: (i) an irrevocable Power of Attorney Coupled with an interest in carrying out the terms of this Award; (ii) an Irrevocable Change of Address; (iii) Irrevocable instruction to the Symetra entities and J.G. Wentworth, 321 Henderson signed by both Gross and his wife, which provides that all payments of the Assigned Payments payable to Kenneth R. Gross, Jr. shall be made by mail or wire transfer and sent by any disbursing party c/o RSL-3B-IL, Ltd.; (iv) the confirmation of this Second Award by the Texas courts; (v) filings consistent with the First Award and this Second Award prepared by Rapid to be made with the appropriate Courts, including any courts where cases may exist with Symetra and Niemeier; and (vi) such other documents that Rapid may from time to time submit in aid of enforcement of this matter; it is further

ORDERED, ADJUDGED, AND DECREED that . . . [i]f Gross does not execute these documents within thirty days after entry of this Second Award, Rapid shall be entitled to further damages in the amount of $500 per day, in addition to the amount of $155,000.00 in attorneys' fees awarded above. . . . Payment from Rapid [of the $397,400.00 under the First Award] is due upon fulfillment of the conditions set forth in the First Award; it is further

. . . .

> ORDERED, ADJUDGED, AND DECREED that this Order shall have the effect of a garnishment of the Assigned Payments in favor of Rapid, in addition to Rapid's attorneys' fees, plus interest, as well as the additional damages found herein of $500 per diem until full and continuing compliance with this Second Award is had. Further, this Second Award shall constitute a Turnover Order as to the Assigned Payments awarded to Rapid in the First Award . . . .

(Docket Entry No. 126, Ex. A at 19–20).

Shortly after the arbitrator issued the second award, Rapid Settlements sought a hearing to confirm that award in Texas state court. The hearing was set on May 7 or 8, 2007. At a hearing in this court on April 27, 2007, Symetra first raised the issue of whether Rapid Settlements had violated the preliminary injunction. Symetra filed its motion for civil contempt on April 30, 2007. On that same day, counsel for Rapid Settlements sent Symetra's counsel a letter demanding that Symetra pay Kenneth Gross's structured settlement payments to Rapid Settlements, based on the arbitration award and the irrevocable power of attorney, change of payee, and change of address papers Gross signed in favor of Rapid Settlements. Rapid Settlements attached executed copies of those papers to the April 30, 2007 letter.

In response to the allegations of contempt, Rapid Settlements amended its motion to confirm the second arbitration award in the Texas state court, now seeking to confirm the second arbitration award as against all parties except Symetra, but seeking to enforce the May 2005 arbitration award as against Symetra. (Docket Entry No. 133, Ex. A). The amended motion states:

> There is no "transfer" of the structured settlement payment rights under the Second Award because (i) as explained in the

8

> Second Award at pages 9–10, Rapid acquired title to the payments at issue in May 2005 and as such there can be no transfer in May 2007 of payments already owned by Rapid. The Second Award is in the nature of an enforcement action for which the Federal Court recognized this Court's jurisdiction; and (ii) the narrow ruling of the Federal Court on February 6, 2007 ran only to transfers under an SSPA, essentially voluntary transfers and not, by way of example, garnishments or turnover orders resulting from a breach of contract claim. Given the hostility of this litigation and arbitration over the last two years there is nothing at all voluntary about the Gross-Rapid arbitration or related litigation.

(Docket Entry No. 133, Ex. A at 9–10).

This court entered an order on May 3, 2007 to clarify Rapid Settlements's apparent misunderstanding of this court's injunction order. The May 3, 2007 order stated, "This court's injunction is not limited, as Rapid Settlements suggests, to 'essentially voluntary' transfers. Rather, the injunction covers the use of arbitration to effect a transfer of future-payment rights under a structured settlement, without a court order approving a transfer obtained in accordance with the applicable state structured settlement protection act." (Docket Entry No. 136 at 3). The order also stated, "This court's injunction covers subsequent arbitration awards that effect a transfer of structured settlement payment rights, and judgments confirming arbitration awards effecting such transfers." (*Id.*). Rapid Settlements then notified the court of its intention to postpone the confirmation hearing in state court until this court resolved the contempt issue.

**II.    Analysis**

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1996) (quoting *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)); *see also Shafer v. Army & Air Force Exchange Serv.*, 376 F.3d 386, 396 (5th Cir. 2004). "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581–82 (5th Cir. 2005) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). The "clear and convincing evidence" standard is higher than the "preponderance of the evidence" standard, but not as high as "beyond a reasonable doubt." *Travelhost*, 68 F.3d at 961 (citing *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)). In the context of civil contempt, clear and convincing evidence is "that weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Shafer*, 376 F.3d at 396 (quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992)). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Assoc.*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984)).

To support a contempt finding in the context of a preliminary injunction, the order must set out "definite and specific" mandates that the defendant violated. *See* FED. R. CIV. P. 65; *Travelhost*, 68 F.3d at 961. "An injunction must simply be framed so that those enjoined will know what conduct the court has prohibited." *Am. Airlines*, 288 F.3d at 578 (quoting *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981)). The district court need not anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated. *See id.* (citing *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 917 (5th Cir. 1996) ("Although this order does not choreograph every step, leap, turn, and bow of the transition ballet, it specifies the end results expected and allows the parties the flexibility to accomplish those results.")).

The parties do not dispute that a preliminary injunction was in effect and that it required Rapid Settlements to refrain from certain conduct. Symetra contends that Rapid Settlements has violated this court's injunction order in two ways. First, Symetra argues that Rapid Settlements violated paragraph (a) of the February 6, 2007 order by seeking and obtaining the April 18, 2007 arbitration award. Second, Symetra states that Rapid Settlements violated paragraph (c) of this court's injunction by seeking to enforce the May 25, 2005 arbitration award and judgment confirming that award against Symetra. Both contentions are addressed below.

Paragraph (a) of the injunction prohibited Rapid Settlements "from using arbitration to effect, directly or indirectly, a transfer of all or part of a Symetra annuitant's future-payment stream, unless before the arbitration a court authorized by the applicable state

11

structured settlement protection act to approve the proposed transfer has done so in accordance with that act." (Docket Entry No. 98). Rapid Settlements did not obtain state-court approval of the proposed transfer of Kenneth Gross's future-payment stream under the Symetra annuity as required under the Indiana structured settlement protection act. On December 20, 2004, an Indiana court rejected the proposed transfer of Gross's future-payment rights under the Symetra annuity. The arbitration award effects a transfer to Rapid Settlements of Gross's future-payment rights under the annuity. Although Rapid Settlements labeled the award as one for damages for breach, it effected a transfer of the future-payment rights in exchange for payment by Rapid Settlements of what the arbitrator previously found to be "fair-market value" consideration from Rapid Settlements to Gross. The arbitration award enjoins "all persons with knowledge of the First Award or this Second Award" from interfering with the terms of either arbitration award, including "acting in any way which would impair, undermine, or delay the payment of the Assigned Payments herein to Rapid." (Docket Entry No. 126, Ex. A at 19). Rapid Settlements used the arbitration to effect a transfer of Gross's future-payment stream under the Symetra annuity, in violation of this court's injunction.

The April 18, 2007 arbitration award ordered that Gross's structured settlement payments were "garnished and turned over" to Rapid Settlements. Rapid Settlements contends that a garnishment or turnover order is not within the structured settlement protection act's definition of "transfer," a definition this court used in the preliminary injunction order. Under the protection acts, a transfer is "any sale, assignment, pledge,

hypothecation, or other alienation or encumbrance of structured settlement payment rights made by a payee for consideration." (Docket Entry No. 98). Rapid Settlements's argument misreads the definition of "transfer" set out in the injunction order and the protection acts. Rapid Settlements used arbitration to transfer Gross's structured settlement payment rights under the Symetra annuity to Rapid Settlements. The transfer was based in part on the payment by Rapid Settlements to Gross of what the arbitration award stated was "fair-market value" consideration. Recharacterizing this transfer as "damages," "garnishment," or "turnover" does not change the substance. This court's injunction prohibited Rapid Settlements from obtaining a transfer, "directly or indirectly," in derogation of the state structured settlement protection act requirements. The April 18, 2007 arbitration award violates that order.

Rapid Settlements also argued that no "transfer" occurred in the second arbitration award because as of May 27, 2005, Rapid Settlements had a final, nonappeallable judgment as to Gross and "owned" Gross's annuity payments. As noted, the May 2005 arbitration award effected a transfer for consideration to Gross without the state-court approval required by the structured settlement protection act. In the January 10, 2007 memorandum and order, this court observed that the May 27, 2005 judgment was final, but as the Texas appellate court found, Symetra was not given a "full and fair opportunity to litigate" that judgment because Rapid Settlements failed to give Symetra notice of the motion to confirm the first arbitration award. As a result, the state appellate court held that the judgment against Symetra was voidable and refused Rapid Settlements's effort to enforce the judgment against

Symetra. *In re Rapid Settlements, Ltd.*, No. 01-05-00938, 2006 WL 2640398, at *1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2006, no pet.). The second arbitration award, like the first, enforced what Rapid Settlements asserted was its right to Gross's future-payment stream under the Symetra annuity based on consideration to Gross from Rapid Settlements.

The April 2007 arbitration award ordered Gross and his wife to sign irrevocable powers of attorney in favor of Rapid Settlements, an irrevocable change of address, and irrevocable instructions to Symetra, J.G. Wentworth, and 321 Henderson to make the structured settlement payments to Rapid Settlements. Under the arbitration award, Gross would be fined $500 per day plus attorneys' fees if he failed to sign these papers within thirty days of the award. According to Symetra, Gross executed those papers and Rapid Settlements's counsel provided copies to Symetra in an April 30, 2007 letter. The letter demanded Symetra's compliance with the second arbitration award. Rapid Settlements sought through the award to transfer Gross's future-payment stream under the Symetra annuity, for consideration from Rapid Settlements, without complying with the structured settlement protection act requirements. The protection acts were designed to prevent factoring companies from obtaining compliance with the terms of a transfer agreement (or in this case, an arbitration award purporting to enforce a transfer agreement) by threatening harsh penalties for noncompliance. Nearly all state legislatures have enacted laws to guard against such predatory practices. By seeking and obtaining the April 18, 2007 arbitration award and seeking to enforce it against Symetra, Rapid Settlements has violated paragraph (a) of this court's February 6, 2007 preliminary injunction order as described above.

Rapid Settlements has also violated paragraph (c) of this court's injunction by attempting to enforce the May 25, 2005 arbitration award and judgment confirming that award against Symetra. That paragraph specifically addressed the *Gross* matter. The preliminary injunction prohibited Rapid Settlements from taking further steps to obtain Symetra's compliance with that judgment. In its amended motion in state court to confirm and enforce the arbitration awards, Rapid Settlements stated that it seeks to enforce the first arbitration award against Symetra, an arbitration award that purports to enforce a transfer agreement. Rapid Settlements argues that it gave Symetra adequate notice of the May 2007 state-court hearing. The injunction states, "Rapid Settlements is prohibited from taking action seeking to compel Symetra to comply with the judgment unless Rapid Settlements gave Symetra timely notice and an effective opportunity to challenge the arbitration award before it was confirmed, enforced, or otherwise reduced to final judgment." (Docket Entry No. 98). The Texas state appellate court and this court found that Symetra was not given notice and an effective opportunity to challenge the award before the May 27, 2005 judgment confirming that award in state court. Rapid Settlements's argument that the notice of the hearing to confirm the second award satisfies the injunction is incorrect. Paragraph (c) prohibits Rapid Settlements from seeking enforcement unless notice was given *before* the judgment was obtained. This court's January 10, 2007 memorandum and order also stated that "Rapid Settlements is enjoined from taking further action to compel Symetra to comply with the judgments entered in the *Richardson*, *Patterson*, and *Gross* matters pending the hearing on a permanent injunction." (Docket Entry No. 84 at 70). Neither the injunction

15

order nor the memorandum and order was ambiguous. Rapid Settlements did not give Symetra notice before the May 27, 2005 judgment was entered. Under the terms of the injunction, Rapid Settlements may not now seek to enforce that judgment or the first award against Symetra.

This court finds that Rapid Settlements was given ample notice that Symetra would move for civil contempt and of the grounds on which that motion was based. Rapid Settlements was also provided adequate time for response. Symetra alerted Rapid Settlements and this court that it anticipated filing a contempt motion in the April 27, 2007 hearing. Symetra then filed its motion for contempt on April 30, 2007 and supplemented that motion on May 2, 2007. (Docket Entry Nos. 131, 133). On May 3, 2007, this court issued an order further explicating the parameters of the injunction. (Docket Entry No. 136). Rapid Settlements responded on May 9, 2007. Rapid Settlements received ample notice. *Am. Airlines*, 228 F.3d at 584.

As stated in the May 24, 2007 hearing on Symetra's motion for civil contempt, this court will not rule on the issue of sanctions for Rapid Settlements's contumacious conduct at this time.

## III.    Conclusion

Rapid Settlements has violated this court's February 6, 2007 injunction by seeking and obtaining the April 18, 2007 arbitration award that purports to require Symetra to transfer Gross's structured settlement payment rights and by seeking to enforce the May 2005

arbitration award and judgment confirming that award against Symetra by requiring it to transfer Gross's structured settlement payment rights.

SIGNED on June 4, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge