**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-3167 |
| § | |
| RAPID SETTLEMENTS, LTD., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

The National Association of Settlement Purchasers ("NASP") intervened in a suit brought by Symetra Life Insurance Company and Symetra Assigned Benefits Service Company (together, "Symetra") against Rapid Settlements, Ltd. ("Rapid"). NASP seeks a preliminary and permanent injunction preventing Rapid from effectuating transfers of structured settlement payment rights through arbitration and from attempting to enforce rights of first refusal or security interests in such structured settlement payment rights without first obtaining statutorily required state court approval.

Rapid has filed a motion for leave to file a third-party complaint against four NASP members: 321 Henderson Receivables, J.G. Wentworth, Stone Street Capital, Inc., and Settlement Funding, LLC ("the third-party defendants"). (Docket Entry No. 185). NASP has responded. (Docket Entry No. 199). NASP has filed a motion for entry of a pretrial order to set a schedule for the exchange of witness and exhibit lists and the exchange of objections to the exhibits. (Docket Entry No. 215). Rapid has responded, (Docket Entry No.

217); and has filed a motion for continuance of the hearing, (Docket Entry No. 216). NASP has responded to Rapid's motion for continuance. (Docket Entry No. 219).

Rapid's motion for leave to file a third-party complaint and motion for a continuance are denied. NASP's motion for entry of a pretrial order is granted. The reasons for these rulings and a scheduling order are set out below.

**I.      Rapid's Motion for Leave to File Third-Party Complaint**

Rapid seeks to assert third-party complaints against four NASP members that "are using the same or similar marketing and sales methods as Rapid, specifically arbitration for customer disputes, rights of first refusal, and security interests." (Docket Entry No. 185, Ex. 1 at 5). Rapid "seeks equitable treatment as to its competitors with regard to any declaratory judgment regarding these and similar business practices." (*Id.*, Ex. 1 at 6). Rapid seeks a declaratory judgment that any transfer to or by the third-party defendants must be approved by a state court as required by state structured settlement protection acts, the same relief that NASP seeks against Rapid.

NASP argues that Federal Rule of Civil Procedure 14 does not allow Rapid's third-party complaint. Citing *Federal Deposit Insurance Corp. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994), NASP contends that "Rule 14 allows a defendant to assert a third-party claim 'only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." (Docket Entry No. 199 at 3). NASP argues that Rapid seeks to assert claims against the third-party defendants that are separate from the claims in this case, which concern Rapid's use of arbitration, rights of first

refusal, and security interests to effectuate transfers of structured settlement payment rights without court approval.  NASP argues that Rapid's proposed third-party allegations "do not—and cannot—demonstrate that the proposed third-party defendants are liable to Symetra or NASP, or have secondary liability to Rapid." (*Id.* at 4).  NASP argues that Rapid fails to cite any indemnification or contribution rights owed to it by the third-party defendants, but instead "seeks only to expand the scope of this litigation by joining four additional parties." (*Id.* at 4).

Rule 14 requires a defendant seeking to assert a third-party complaint more than ten days after serving its original answer to obtain leave of court.  A third-party complaint may only be filed against a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff." Fed. R. Civ. P. 14(a).  A Rule 14(a) third-party complaint requires that the "'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'" *Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, No. CIV. A. H-05-1949, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007) (quoting *Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F. Supp. 2d 242, 248 (S.D.N.Y. 2004)); *see also McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir. 1978) ("[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant."); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) ("[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main

claim."). A district court has wide discretion in determining whether allowing a third-party complaint. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984).

Rapid has failed to show how the proposed third-party defendants may be liable to Rapid for all or a part of NASP's claims against Rapid. NASP's claims concern Rapid's use of arbitration to effectuate a transfer of structured settlement payment rights without court approval and Rapid's attempts to obtain rights of first refusal and security interests in such payment rights without court approval. The allegations against the proposed third-party defendants do not show any basis for making them liable to Rapid for all or a part of NASP's claims. Rapid's motion for leave to file the proposed third-party complaint is denied.

## II.    Rapid's Motion for Continuance and NASP's Motion for Entry of Pretrial Order

NASP has moved for entry of a pretrial order on the grounds that Rapid has refused to discuss a proposed schedule for exchange witness and exhibit lists. In response, Rapid seeks to continue the January 22, 2008 preliminary injunction hearing until there is a ruling from the Eastern District of Pennsylvania on discovery subpoenas issued to two NASP members, J.G. Wentworth and 321 Henderson Receivables. Rapid also argues that if this court grants Rapid's motion for leave to file its third-party complaint, further discovery would be necessary. (Docket Entry No. 217 at 2).

Rapid's motion for leave to file a third-party complaint is denied. Aside from Rapid's conclusory allegations, the record does not show that further discovery from NASP is necessary. NASP points out in its response that this court addressed Rapid's concerns about NASP's document production during its August 28, 2007 hearing. NASP asserts that

4

"[s]ince that time, Rapid has not forwarded any additional discovery requests to NASP." (Docket Entry No. 219 at 2). The parties jointly agreed on the January 22, 2008 hearing date. Rapid has not shown that a continuance is warranted.

Rapid's motion for a continuance is denied. NASP's motion for entry of a pretrial order is granted.

### III.     Conclusion

Rapid's motion for leave to file a third-party complaint is denied. Rapid's motion for a continuance is denied. NASP's motion for entry of a pretrial order is granted. Preparation for the preliminary injunction hearing will be on the following schedule:

| Date | Event |
|---|---|
| **January 14, 2008** | The parties must exchange witness and exhibit lists. |
| **January 18, 2008** | The parties must exchange objections to exhibits. |
| **January 22, 2008** | Preliminary injunction hearing, at **9:00 a.m.** |

SIGNED on January 8, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge