**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| NATIONAL ASSOCIATION OF | § |
| SETTLEMENT PURCHASERS, | § |
| | § |
| Intervenor, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-05-3167 |
| | § |
| RAPID SETTLEMENTS, LTD., | § |
| | § |
| Defendant. | § |

**ORDER GRANTING PERMANENT INJUNCTION**

This court has entered the following findings of fact and conclusions of law:

(a) Rapid Settlements has obtained arbitration awards that directly or indirectly effect a transfer of annuitants' future-payment rights;

(b) As to some annuitants, Rapid Settlements has used the arbitration clauses in its proposed transfer agreements to obtain the right to future-payment streams from annuitants in the absence of state-court approval as required by the applicable state structured settlement protection acts;

(c) The use of arbitration by Rapid Settlements to directly or indirectly effect a transfer of structured-settlement payment rights in the absence of statutorily required state-court approval of the transfer violates the applicable state structured settlement protection acts;

(d) Rapid Settlements has obtained rights of first refusal and security interests in annuitants' future-payment rights;

(e) As to some annuitants, Rapid Settlements has used the rights of first refusal and security interests to obtain the right to future-payment streams from the annuitants in the absence of state-court approval as required by the applicable state structured settlement protection acts;

(f) The efforts by Rapid Settlements to enforce rights of first refusal and security interests in order to directly or indirectly effect a transfer of structured-settlement payment rights, in the absence of statutorily required state-court approval, violates the applicable state structured settlement protection acts;

(g) NASP has prevailed on the merits;

(h) NASP and its members would be irreparably harmed if an injunction did not issue;

(i) Rapid Settlements will not be significantly harmed as a result of the issuance of this injunction; and

(j) The public interest will be served by the injunction.

This court orders that Rapid Settlements, Ltd. and its agents, servants, employees, component partners, attorneys, and all persons acting on its behalf and in concert with it or them, must not engage in any of the following:

(a) using arbitration to effect, directly or indirectly, a transfer of all or part of an annuitant's future-payment stream, unless before the arbitration a court authorized by the applicable state structured settlement protection act to approve the proposed transfer has done so in accordance with that act. "Using arbitration" in the preceding sentence includes, but is not limited to, beginning an arbitration proceeding, seeking

an award or other relief in an arbitration proceeding, or seeking to confirm an arbitration award.

(b) seeking to enforce rights of first refusal or security interests in transfer agreements, unless before taking any enforcement action a court authorized by the applicable state structured settlement act to approve the proposed transfer has done so in accordance with that act. "Enforcing rights of first refusal or security interests" in the preceding sentence includes, but is not limited to, sending letters that threaten legal action, filing UCC statements, or seeking relief in a legal proceeding.

For the purposes of this order, "transfer" means any sale, assignment, pledge, hypothecation, or other alienation or encumbrance of structured-settlement payment rights made by a payee for consideration, except that the term does not include the creation or perfection of a security interest in structured-settlement payment rights under a blanket security agreement entered into with an insured depository institution, in the absence of any action to redirect the structured settlement payments to the insured depository institution, or its agent or successor in interest, or to enforce the blanket security interest against the structured settlement payment rights.

SIGNED on July 28, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge