**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SYMETRA LIFE INSURANCE COMPANY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| NATIONAL ASSOCIATION OF SETTLEMENT PURCHASERS, | § § § § | |
| Intervenor, | § § | |
| VS. | § | CIVIL ACTION NO. H-05-3167 |
| RAPID SETTLEMENTS, LTD., | § § § | |
| Defendant. | § | |

**ORDER**

Three motions are pending in this long-running litigation, filed by Symetra Life Insurance Company and Symetra Assigned Benefits Service Company (collectively, "Symetra"). They are a motion for declaratory judgment based on this court's October 21, 2011 Memorandum and Order, (Docket Entry No. 300); a motion to amend that Memorandum and Order, (Docket Entry No. 303); and a motion for partial summary judgment as to the liability of Rapid Settlements, Ltd. ("Rapid") for tortious interference with contractual relations and for attorneys' fees, (Docket Entry No. 316). This order addresses the first two motions. Rapid has responded, (Docket Entry No. 305); Symetra has replied, (Docket Entry No. 307); and the intervenor, the National Association of Settlement Purchasers ("NASP"), has replied, (Docket Entry No. 308).

At the outset, this court notes that Rapid's response is a thinly veiled motion for reconsideration. Rapid, however, has presented no new evidence in support of reconsideration of

this court's Memorandum and Order. Instead, Rapid presents legal arguments—some new, more old. As to the new arguments, Rapid is not entitled "to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).[1] As to the reasserted arguments, Rapid has not demonstrated any manifest error in law, let alone error, in this court's Memorandum and Order. *See Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010); 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995). To the extent that Rapid's response seeks reconsideration of this court's Memorandum and Order, that motion is denied.

Most of the amendments to the Memorandum and Order that Symetra suggests are supported by the record and the law. Rapid has not objected to any of Symetra's suggested amendments. Accordingly, this court's Memorandum and Order, (Docket Entry No. 299, *also located at* 2011 WL 4807901), is withdrawn and replaced by the Amended Memorandum and Order, filed simultaneously with this order. The Amended Memorandum and Order makes the following changes:

- On page 9 of the Amended Memorandum and Order, "Symetra and NASP seek similar declaratory relief." replaces "NASP and Rapid seek similar declaratory relief."

- On page 12, "This court has not yet specifically addressed powers of attorney." replaces "This court has not yet specifically addressed the role of security interests."

- On page 20, the following language:

---

[1] Even if the court considered Rapid's new arguments, the outcome would remain the same.

> Although this language is broad, it does not appear to prevent Rapid from requiring its proposed payees to ask Symetra, the annuity issuer, to supply certain information to Rapid, the proposed transferee. The Acts appear to be concerned with making it clear that transferees, such as Rapid, cannot sue structured-settlement obligors or annuity issuers when a court refuses to approve a transfer. The Acts do not address whether an obligor or issuer has a duty to provide information requested by a payee. Symetra is not entitled to a declaratory judgment that it has no obligation to provide information to Rapid unless an Act expressly provides.

replaces the following language:

> Although this language is broad, it does not appear to prevent Rapid from requiring its proposed payees to request that Symetra supply certain information to Rapid. The letter references fiduciary duties between Symetra and the payee. Symetra has not disputed the existence of a fiduciary duty between it and its payees. Nor has Symetra explained why it believes that the Acts would exempt it from supplying the information requested if it has such a duty to a payee. The language of the Acts appears concerned with making it clear that transferees, such as Rapid, cannot sue structured-settlement obligors or annuity issuers when a court refuses to approve a transfer. The Acts do not suggest that Symetra has no duty to provide information as directed by a payee. This is the only documented practice at issue in this case. Symetra is not entitled to declaratory relief on this claim.

- On page 35, a new section is added (Part III.E.4), granting summary judgment for Symetra on Rapid's counterclaim for unfair competition.

The court has made other minor changes, none of which change any of the court's underlying analysis, in the Amended Memorandum and Order.

As to the form of the declaratory judgment, the forms of Symetra's and Rapid's proposed declaratory judgment go beyond what this court concluded in its October 21, 2011 Memorandum and Order. With this order, the court enters a declaratory judgment consistent with the Amended Memorandum and Order.

Symetra's motions for declaratory judgment and to correct the court's Memorandum and Order, (Docket Entry Nos. 300, 303), are granted in part. Rapid's motion for reconsideration, to the extent that its response to the motions can be construed as such, (Docket Entry No. 305), is denied. The parties must file a joint status report with the court by **May 15, 2012**, identifying what issues (if any)—aside from the pending motion for partial summary judgment, (Docket Entry No. 316)—remain for the court to decide before the court can enter final judgment. A status conference, to include oral argument on the pending summary-judgment motion, is set for **June 5, 2012 at 10:00 a.m.** in Courtroom 11-B.

Finally, Rapid's unopposed motion to extend the time to file its response to Symetra's partial-summary-judgment motion, (Docket Entry No. 320), is granted. Rapid's response is due on May 25, 2012.

SIGNED on May 1, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge