**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY, *et al.*, § § § | |
| Plaintiffs, § § | |
| NATIONAL ASSOCIATION OF SETTLEMENT PURCHASERS, § § § § | |
| Intervenor, § § | |
| VS. § | CIVIL ACTION NO. H-05-3167 |
| § | |
| RAPID SETTLEMENTS, LTD., § § § | |
| Defendant. § | |

**DECLARATORY JUDGMENT**

In accordance with the court's Amended Memorandum and Order of today's date, this court grants declaratory judgment in favor of of Symetra Life Insurance Company and Symetra Assigned Benefits Service Company (collectively, "Symetra") and the National Association of Settlement Purchasers, as follows:

1.  Rights of first refusal, security interests, and powers of attorney coupled with interests in structured-settlement payment rights from payees are "transfers" under the state Structured Settlement Protection Acts (the "Acts" or "Act").

2.  Rapid Settlements, Ltd. ("Rapid") must comply with the applicable Act when seeking any transfer. Such compliance includes seeking court approval of any transfer agreement under those Acts making court approval a condition precedent to the effectiveness of any transfer agreement. *See, e.g.*, CAL. INS. CODE § 10136(c)(1); NEV. REV. STAT. § 42.030(1); W. VA.

       CODE § 46-A-6H-3(a). Rapid may not use arbitration or other methods to effect a transfer in a manner prohibited by the Acts or other law, as discussed in detail in this court's opinions issued earlier in this litigation.

3. Section 5891 of the Internal Revenue Code determines what tax treatment a transfer receives if it is effective, not whether a transfer is effective. Section 5891 does not preempt the Acts.

4. If Rapid or its affiliated or related entities or individuals — before, during, or after proposing to acquire structured-settlement payment rights from a payee under the applicable Act — gives the payee a loan, advance, or any consideration before a court approves the proposed transfer under the applicable Act, Rapid or its affiliated or related entities or individuals may not garnish, levy on, attach, seize, assert an interest in, secure a judgment or arbitration award related to, or otherwise make a claim to the payee's structured-settlement payment rights based on that loan, advance payment, or consideration, in the absence of court approval of the specific contemplated transfer as required by the applicable Act.

5. Symetra may object to Rapid's proposed transfers of structured-settlement payment rights.

      SIGNED on May 1, 2012, at Houston, Texas.

                                          Lee H. Rosenthal
                                    United States District Judge