**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, § | |
| Plaintiffs, § | |
| § | |
| NATIONAL ASSOCIATION OF § | |
| SETTLEMENT PURCHASERS, § | |
| Intervenor, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-3167 |
| § | |
| RAPID SETTLEMENTS, LTD., § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Each side has asked this court to alter different parts of the final judgment that awarded some of the attorneys' fees incurred by the prevailing party, Symetra Life Insurance Co. and Symetra Assigned Benefits Service Co. (together, "Symetra") in litigating against Rapid Settlements, Ltd. ("Rapid"). The final judgment and the summary judgment ruling on which was it was based denied Symetra fees and costs incurred in this federal lawsuit, awarded fees and costs incurred in the *Gross* state-court litigation, and awarded fees and costs incurred in responding to Rapid's conduct that led to the court's 2007 contempt finding. (Docket Entry No. 352, at 1). Symetra asks this court to alter the judgment to award the fees and costs it incurred in this federal lawsuit. (Docket Entry No. 355). Rapid agrees with the ruling denying Symetra fees in this federal lawsuit but asks this court to alter the judgment to deny Symetra the fees and costs it incurred in the *Gross* state-court litigation and to deny any court costs in this federal litigation. (Docket Entries No. 357, 359).[1]  Each party

---

[1] Rapid's original and corrected motions included requests for an extension of time to submit additional briefing on issues raised by cases discussed in this court's Memorandum and Order. (Docket Entry No. 357, at 1; Docket Entry No. 359, at 1–2). On January 21, 2013, this court granted Rapid leave to file a supplemental brief not longer than 5 pages by January 24, 2013. (Docket Entry No. 360). On May 7, 2013, defense counsel emailed the court's case manager to clarify that the issues that were the subject of the extension request had been addressed through the corrected motion.

responded to the other's motion. (Docket Entry No. 361 (Rapid's response); Docket Entry No. 362 (Symetra's response)).

Based on a careful review of the motions and responses, the prior rulings, the record on which they were based, and the relevant law, the court concludes that the facts and law support the results reached. Both motions to alter or amend are denied. The reasons are explained in detail below.

## I.     Background

### A.     Symetra's Motions for an Award of Fees and Costs

The factual background been extensively discussed in this court's previous rulings. A brief summary is enough here. In September 2005, Symetra filed this federal suit against Rapid seeking an injunction barring Rapid from using arbitration to obtain rights to payments from structured-settlement funds Symetra administered. In January 2007, this court enjoined Rapid from using arbitration to effect "transfers" of structured-settlement future-payment rights. The term "transfers" is defined by Structured Settlement Protection Acts ("SSPAs") in place in 47 states. Those states include Washington, where Symetra is based, and Texas. In June 2007, this court found Rapid in contempt for garnishing a Symetra payee's payments in violation of the injunction. (Docket Entry No. 148).

In October 2011, this court granted in part and denied in part Symetra's motion for summary judgment on Rapid's liability. (Docket Entry No. 299). The court issued an amended summary judgment opinion and a declaratory judgment in favor of Symetra and the National Association of Settlement Purchasers on May 1, 2012. (Docket Entries No. 321, 323). On May 15, the parties confirmed that the only remaining issue was Symetra's damages. The damages Symetra sought were its attorneys' fees and costs incurred in responding to Rapid's litigation activities and the fees

and costs associated with the conduct leading to this court's finding Rapid in contempt. (Docket Entry No. 324).

In its initial summary judgment motion and supporting materials, (Docket Entries No. 316, 317), Symetra sought the attorneys' fees and costs it had incurred in state-court cases defending its contractual rights against Rapid's efforts to obtain the future-income-stream rights of certain Symetra annuitants. Rapid had used arbitration to try to transfer to itself the annuitants' right to future payments under these Symetra annuities. The annuitants included Robert Ayars, Abigail Dempsey, Kenneth Gross, Paul Patterson, and Candy Richardson (together, the "Annuitants"). Symetra relied on the attorney-fee provisions in the Texas and Washington SSPAs. TEX. CIV. PRAC. & REM. CODE § 141.005(2)(B); WASH. REV. CODE § 19.205.040(2)(b). Symetra argued that at a minimum, it was entitled to recover the attorneys' fees and costs it incurred in defending its contractual rights as to Gross, citing the Texas "litigation exception" to the usual American Rule that each party pays its own fees. The litigation exception allows recovery of fees and costs on a successful tortious-interference claim. *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 431 (5th Cir. 2003) (citing *Tex. Beef Cattle Co. v. Green*, 883 S.W.2d 415, 430 (Tex. App.—Beaumont 1994), *rev'd on other grounds*, 921 S.W.2d 203 (Tex. 1996)). In addition, Symetra sought to recover the fees it incurred bringing the motion that resulted in this court finding Rapid in contempt in June 2007. Symetra sought the fees relating to the contempt both as compensation to Symetra and as a sanction against Rapid.

After responsive briefing and a hearing at which counsel presented oral argument on July 27, 2012, Symetra filed an "Amended Motion for Summary Judgment as to Attorneys' Fees," replacing its original motion. (Docket Entry No. 329; *see* Docket Entry No. 352, at 15). Symetra no longer sought to recover the fees and costs it incurred in the state-court cases against Rapid

3

involving the Annuitants (except for *Gross*). Instead, Symetra sought to recover the fees and costs it incurred in this federal litigation. Symetra relied on the Texas and Washington SSPA attorney-fee provisions to recover the fees and costs it had incurred in obtaining rulings that Rapid was violating the SSPAs and enjoining Rapid from making future unlawful transfers. Symetra continued to argue that at a minimum, it was entitled to the fees and costs it incurred in defending its contractual rights with regard to the Gross annuity based on the Texas litigation exception to the American Rule. Symetra also continued to seek fees and costs it incurred in relation to the June 2007 contempt finding.

> The SSPA attorney-fee provisions state:
>
>> [f]ollowing a transfer of structured settlement payment rights . . . [t]he transferee shall be liable to the structured settlement obligor and the annuity issuer . . . [f]or . . . reasonable costs and attorneys' fees[ ] . . . arising as a consequence of the transferee's failure to comply with this chapter.

WASH. REV. CODE § 19.205.040; *accord* TEX. CIV. PRAC. & REM. CODE ANN. § 141.005. During oral argument on August 20, 2012, this court asked Symetra how the prefatory phrase "[f]ollowing a transfer" applied when the fees sought were not incurred in challenging specific annuity future-income transfers and seeking to undo the transfers after they had occurred. The fees Symetra sought were incurred in challenging Rapid's general approaches to seeking transfers in order to prevent the *future* use of such approaches. The fees were not incurred "following a transfer," to challenge and undo any specific transfer after it had occurred. Symetra offered a "but-for" argument to avoid the statutory language allowing fees only for disputes "following a transfer." But for Rapid's efforts to effect transfers through unlawful processes, such as arbitrations that circumvented the SSPAs, Symetra would not have had to file this federal lawsuit and incur the fees. Symetra conceded that if this court concluded "that the statute would not apply to unnamed future

4

arbitrations, . . . then, I don't know of another way that we would be entitled to the fees." (Docket Entry No. 345, at 32).

In its November 21, 2012 Memorandum and Opinion, this court reviewed Symetra's abandonment in its amended motion of its argument that it was entitled under the Washington and Texas SSPAs to recover fees incurred in the underlying state-court litigations against Rapid involving the Annuitants. As Symetra explained, "[b]y this Amended Motion, Symetra revises its request for fees and does not seek to recover fees incurred in any state court proceeding except fees incurred in the [*Gross*] proceeding." (Docket Entry No. 352, at 16 (quotation omitted)). Symetra's theory for recovering fees incurred in the state-court *Gross* litigation was limited to the Texas litigation exception to the American Rule for tortious-interference claims. Symetra's amended motion sought fees and costs: (1) incurred in this federal litigation, under the Washington and Texas SSPAs; (2) incurred in the state-court *Gross* litigation, under the Texas litigation exception to the American Rule; and (3) incurred in this federal litigation bringing the motion for contempt. This court ruled that Symetra had not waived its right to seek the fees it incurred in this federal litigation by asserting, then abandoning, its effort to recover the fees incurred in the state-court proceedings against Rapid related to the Annuitants other than Gross. (*Id.* at 17–20). Rapid does not challenge the ruling finding no waiver in its motion to alter or amend.

This court concluded that under the attorney-fee provisions of the Texas and Washington SSPAs, Symetra was not entitled to the fees and costs incurred in this federal litigation. In the cases awarding fees under these Acts, the fees had been incurred in challenging specific transfers of annuity future-income streams after those transfers had purportedly occurred. (*Id.* at 25). In this federal lawsuit, Symetra did not incur fees in challenging or seeking to undo specific transfers. Rather, Symetra challenged Rapid's general practices of using arbitration and other procedures to

5

effect transfers in violation of the SSPAs. Symetra sought declaratory and equitable relief to prevent Rapid's ability to effect future similar transfers. This court concluded that because the SSPAs allow only fees incurred in litigation "following a transfer," they did not authorize the fees Symetra sought to recover in this federal litigation.

This court also rejected Symetra's argument that it was entitled to fees under the SSPAs because, but for Rapid's previous unlawful transfers, Symetra would not have had to file the federal lawsuit seeking an order prohibiting such future transfers. The fee provisions in the SSPAs cover fees for legal work in a dispute "following a transfer," not fees for legal work directed to preventing future transfers. Such work does not take place "following a transfer." Accepting Symetra's "but-for" argument would read out the prefatory clause, "[f]ollowing a transfer of structured settlement payment rights, . . . ." (*Id.* at 25–28). Symetra decoupled its requested relief from a specific transfers. (*Id.* at 27).

This court concluded that Symetra was not entitled to the fees and costs it incurred in this federal litigation under the Texas and Washington SSPAs.[2] Symetra was, however, entitled to the fees and costs it incurred in the *Gross* state-court litigation relating to Rapid's efforts to obtain that annuitant's future income stream. Gross was an Indiana citizen and a Symetra annuitant. He entered into a transfer agreement with Rapid in August 2004. Rapid sought approval of the proposed transfer in an Indiana state court under the Indiana SSPA. That court rejected the proposed transfer in December 2004. Gross then entered into another transfer agreement with Rapid in February 2005. Rapid invoked the arbitration clauses in the August 2004 and February 2005 transfer agreements based on Gross's alleged breaches of those agreements. Gross canceled the

---

[2] The court also rejected Symetra's argument that it was entitled to its fees incurred in this federal litigation under the litigation exception for tortious interference claims, but that ruling is not the subject of the present motions.

February 2005 agreement and entered into two other transfer agreements with Rapid in March 2005. After an arbitration in Harris County, Texas — with Gross uncounseled and participating by telephone — the arbitrator issued the award Rapid sought in May 2005, requiring Symetra to transfer the future income payments to Rapid and requiring Rapid to pay Gross the lump sum specified in the March 2005 agreements. The arbitrator's award was to become effective once the award had been domesticated in an Indiana court. Gross and Rapid filed an agreed final judgment confirming the arbitration award in a Harris County state court. Symetra moved to vacate that judgment on the ground that the transfer violated the Texas SSPA. In July 2005, the Texas court granted Symetra's motion and vacated the judgment. The First Court of Appeals held that the state district court lacked the authority to vacate its own judgment but declined to enforce that judgment against Symetra.

Meanwhile, a third party, Kent Niemeier, had obtained a judgment of approximately $113,000 against Gross in an Indiana state court. In November 2005, Niemeier asked the Indiana court to garnish Gross's $150,000 lump-sum payment from Rapid that was scheduled to be paid in September 2006. In August 2006, Rapid demanded that Symetra comply with the arbitration award and the final judgment confirming it. Symetra refused based on the Indiana garnishment order and the order of the Texas First Court of Appeals. Rapid again invoked the arbitration provision in its transfer agreement with Gross. In late 2006, Rapid obtained an arbitration award (again after an arbitration in which it was the only party physically present) enforcing the May 2005 arbitration award and Harris County final judgment.

In Indiana state court, Niemeier moved to hold Symetra in contempt for failing to comply with the garnishment order. Symetra then moved for a declaratory judgment against Rapid that Rapid's use of arbitration to obtain the transfer from Gross violated the Indiana SSPA. The Indiana

court agreed with Symetra and declared Rapid's underlying transfer agreement invalid.

This court concluded that Symetra was entitled its fees and costs incurred in the *Gross* state-court litigation under the Texas litigation exception. The court rejected Rapid's argument that Symetra had "voluntarily injected itself" into the Indiana litigation between Gross and Niemeier. (Docket Entry No. 352, at 33).

> The litigation exception is "limited to situations 'where the natural and proximate results and consequences of prior wrongful acts had been to involve a plaintiff . . . in litigation with and against third parties and other parties.'" *DP Solutions*, 353 F.3d at 431 (alteration in original) (quoting *Tex. Beef Cattle*, 883 S.W.2d at 430). Rapid's actions — its illegal attempts to effect transfers through the arbitration process — were not just a substantial factor in embroiling Symetra in cases such as the Gross litigation to defend its contractual rights and prevent Rapid's abusive tactics. Rapid's actions were the only factor that involved Symetra in the litigation. It was reasonably foreseeable to Rapid that its attempts to effect unlawful transfers with Symetra annuitants would result in Symetra involving itself in litigation to protect its legal rights, including bringing tortious-interference-with contract claims against Rapid.
>
> Symetra has clearly established that Rapid's attempts to effect a transfer of a portion of Gross's annuity through the arbitration process caused Symetra to be involved in the Gross litigation in Indiana. As damages for Symetra's tortious-interference claim as it relates to the Gross annuity, Symetra is entitled under the Texas litigation exception to its necessary and reasonable attorneys' fees incurred in the Gross litigation. *See id.*

(Docket Entry No. 352, at 34). This court also rejected several other Rapid arguments against awarding Symetra the fees and costs it incurred in the prolonged litigation against Rapid relating to the Gross annuity, rulings that Rapid does not challenge in its present motion to alter or amend.

Finally, the court ruled that Symetra was entitled to its fees and costs incurred in bringing the 2007 motion for contempt. The parties do not challenge this ruling in the present motions. To the contrary, Rapid states that it has paid the $11,095. (Docket Entry No. 359, at 4 n.1).

### C. The Present Motions

Symetra argues that this court erred by denying its motion for an award for the fees and costs

it incurred in this litigation pursuing federal injunctive relief to prohibit Rapid from using arbitration awards to effect transfers in violation of the SSPAs, seeking to confirm awards obtained through arbitration for that purpose, and attempting to enforce judgments confirming such awards. (Docket Entry No. 355, at 6). Symetra argues:

> It may be that the Court did not focus on the fact that Symetra's request for injunctive relief was based on seven transfers. Or perhaps the Court's opinion treats Symetra's abandonment of it[s] request for attorney's fees incurred in the state court proceedings as a waiver of attorney's fees in this case with respect to the seven annuitants. There is a difference between fees incurred in prior litigation arising from Rapid's conduct and attorney's fees incurred in this litigation.

(*Id.* at 4). Symetra concedes that this court "correctly observed that Symetra abandoned its claim for attorney's fees incurred in prior state court proceedings, except as to *N[ie]meier*, which arose out of the *Gross* transfer." (*Id.*) Nevertheless, Symetra argues that it was not barred from seeking its fees incurred in this case under the SSPA "so long as Symetra challenged specific transfers," which Symetra argued it had done because "[t]he fees sought by Symetra in this case arose as a consequence of Rapid's failure to comply with the SSPA with respect to seven completed transfers." (*Id.* at 4–5). In the alternative, Symetra argues that this court was wrong in interpreting the SSPAs to limit fee awards. Symetra argues that the SSPAs should be interpreted broadly to discourage illegal transfer attempts.

In its motion to alter or amend, Rapid argues that the court erred in awarding Symetra fees and costs relating to the *Gross* state-court litigation. Rapid argues that Symetra had not met all the requirements for the Texas litigation exception and that Symetra had unnecessarily injected itself into the *Gross* litigation. Rapid argues that the litigation exception for tortious-interference claims cannot apply because the *Gross* arbitration proceeding was Rapid's first attempt to initiate an arbitration against a Symetra annuitant. (Docket Entry No. 259, at 2). Rapid also challenges this

9

court's conclusion that Rapid's conduct led to Symetra's involvement because Niemeier and Symetra voluntarily participated in trying to have Gross's lump-sum payment garnished. Rapid also challenges this court's final judgment to the extent that it awards Symetra its costs of court because the support for the taxable costs is insufficient. (*Id.* at 3–4).

These arguments and their responses are addressed below.

## II.   The Rule 59(e) Legal Standard

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (internal quotation marks omitted). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98–2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Joe v. Minn. Life Ins. Co.*, 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003) ("'Whatever may be the purpose of Rule 59(e), it should

not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'" (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990))). The parties' Rule 59(e) motions fall under the category of motions intended to correct a manifest error of law or fact.

**III.    Analysis**

    **A.    Symetra's Motion to Alter or Amend the Order Denying Fees and Costs Incurred in this Litigation**

Symetra argues that this court erred in denying its request for attorneys' fees incurred in this case because this federal litigation was tied to after-the-fact challenges to specific transfers. Symetra argues that it sought injunctive relief based on Rapid's past unlawful transfers, and that the SSPAs should be broadly construed. Symetra acknowledges that it could have, but did not, seek its fees in the state-court cases that "followed" and sought to undo the specific transfers that Symetra pointed to as evidence for the relief it sought in this case of preventing similar future transfers. Except for the fees relating to the *Gross* state-court litigation, which are sought under a Texas common-law rule, not the SSPAs, Symetra has abandoned its earlier claim for an award in this federal lawsuit for the fees it incurred in the state-court lawsuits. It was and is clear that Symetra has not abandoned its request for the fees it incurred in this case. The observation in the Memorandum and Opinion that Symetra abandoned its claim to the state-court-litigation fees does not reflect any misunderstanding on the court's part that Symetra was also abandoning its claim to fees for this federal litigation. Symetra is not.

Symetra argues that the fees it incurred in this federal case were for legal work sufficiently close to legal work that "follow[ed] a transfer" of annuitants' structured settlement future-income streams to allow recovery under the state SSPA fee provisions. This argument essentially reframes

11

Symetra's "but-for" argument that this court earlier rejected as a basis to award the fees and costs incurred in this case. The argument is that but for the specific Annuitants' transfers cited in Symetra's motion for reconsideration, Symetra would not have had to file this federal lawsuit. Symetra had already pursued state-court litigation following the Annuitants' transfers. The relief Symetra sought in the state courts was to invalidate and undo those transfers. Symetra did not seek fees from the state courts under the state SSPAs for that legal work, which clearly "[f]ollow[ed] a transfer."

Symetra sought different relief in this federal case. Symetra is seeking fees for work not directed to challenging and undoing specific transfers but to prevent Rapid's use of similar techniques to obtain *future* transfers of structured settlement payment rights. Although this federal litigation in part grew out of, and involved evidence of, specific earlier transfer attempts, this case did not follow specific transfers. And the basis for this federal lawsuit was not merely Rapid's use of arbitration and similar procedures in past transfer agreements involving the Annuitants, but also Rapid's clear intent to use such procedures to circumvent SSPA requirements. As discussed in the Memorandum and Opinion, the cases awarding fees under the SSPAs involve fees incurred directly following a transfer, to challenge and try to undo that transfer. In reviewing the cases construing the SSPAs, this court has not found additional or more recent cases that support a broader construction or different result. The court is not persuaded that it committed a manifest error of law in concluding that the SSPAs allow recovery of fees for legal work that follows and challenges specific transfers, not for legal work that seeks to prevent future transfers before they have occurred.

Symetra's motion to alter or amend is denied.

**B.    Rapid's Argument That Symetra Is Not Entitled to Fees for the *Gross* Litigation**

Rapid seeks to alter or amend this court's ruling that, under the Texas litigation exception

to the American Rule, Symetra is entitled to fees for the legal work in the state-court litigation involving *Gross*. Rapid argues that for the litigation exception to apply, "the natural and proximate results and consequences of prior wrongful acts [must have] been to involve a plaintiff . . . in litigation with and against third parties and other parties." *DP Solutions*, 353 F.3d at 431 (second alteration in original) (quoting *Tex. Beef Cattle*, 883 S.W.2d at 430). Rapid argues that there was no history of prior wrongful acts when the *Gross* litigation occurred.

Rapid's argument that the litigation exception to the American Rule does not apply to the first instance of unlawful conduct was not raised before this court issued its summary-judgment ruling. Such delayed arguments are ordinarily not a proper basis for relief under Rule 59(e). *See Exxon Shipping*, 554 U.S. at 486 n.5. Putting this problem aside, this argument is not a sufficient basis to deny Symetra its fees for the *Gross* state-court litigation.

The Texas litigation exception allows fees incurred in a prior case as damages in a present case. *See, e.g.*, *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 839 (Tex. App.—Eastland 1984, no writ). Even if Rapid's reading of *DP Solutions* is correct, that would not prevent Symetra from seeking fees incurred *in the* Gross *litigation* as damages in *this* suit. The litigation exception does not require a "history of prior wrongful acts," (Docket Entry No. 359, at 2), as Rapid urges, but rather "wrongful acts" that are "prior" to the litigation. *DP Solutions*, 353 F.3d at 431. The record shows that Rapid took steps related to arbitration and Gross's settlement before the *Gross* litigation was filed. Finally, as Symetra points out, describing *Gross* as the first time Rapid used arbitration to attempt a transfer that circumvented and violated an SSPA is contradicted by cases describing Rapid's pattern of conduct around the country. *See, e.g.*, *Fidelity & Guar. Life Ins. Co. v. Harrod*, 2006 WL 1911077, at *3 (D. Md. May 25, 2006) ("Rapid also claims that it entered into a similar transfer agreement with Harrod in April of 2004 . . . ."); *see also Allstate Settlement Corp. v. Rapid Settlements, Ltd.*,

559 F.3d 164, 166 (3d Cir. 2009) ("On March 21, 2005, Rapid Settlements filed a demand for arbitration against Ward alleging, *inter alia*, that Ward had received an advance of $9,937.50 toward the money he was to receive under the second agreement and that he had failed to return the money after the court denied approval of the transfer."). The order awarding fees for the *Gross* litigation does not appear to be a manifest error of law or fact.

Rapid's argument that Symetra voluntarily injected itself into the *Gross* proceedings or the Niemeier garnishment is also unpersuasive. Rapid's argument appears to be that because Gross, Niemeier, and Symetra cooperated in the *Gross* litigation in Indiana state court, the Texas litigation exception is not available to Symetra as the "mover, pleader, and author" of the litigation against Rapid. (Docket Entry No. 359, at 10). This argument fails for the reasons explained in the Memorandum and Order. Symetra became involved in the Indiana litigation as a direct result of Rapid's use of arbitration to circumvent, and therefore violate, the SSPA requirements for transferring the structured settlement annuity future-income right. The litigation exception does not require passivity on Symetra's part. *See, e.g.*, *Lesikar v. Rappeport*, 33 S.W.3d 282, 306 n.1 (Tex. App.—Texarkana 2000, pet. denied) ("[A] plaintiff may recover attorneys' fees as damages where the defendant's wrongful conduct forces the plaintiff to *prosecute* or defend litigation in another proceeding." (emphasis added)).

Rapid's motion to alter or amend is denied.

### C. Rapid's Argument That Symetra Is Not Entitled to Costs

Rapid argues that Symetra has not properly documented the costs it incurred and that some of the costs Symetra identified in its summary judgment motion are not taxable under 28 U.S.C. § 1920. Rapid also argues that the method Symetra proposed to calculate recoverable costs was not sufficiently specific. This court's final judgment stated that Symetra is entitled to recover its costs

of court from Rapid. The final judgment did not fix an amount. Rapid does not challenge the award itself, but only the amount. Rapid's challenge to the amount, or to specific cost items, is premature because costs have not yet been taxed. *See* FED. R. CIV. P. 54(d)(1) (providing that recoverable costs are determined by the clerk of court after submission of a bill of costs to the clerk by the prevailing party). This argument does not present a basis to alter or amend this court's final judgment.

## IV. Conclusion

The parties' Rule 59(e) motions to alter or amend are denied.

SIGNED on June 25, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge