United States District Court
Southern District of Texas
**ENTERED**
November 04, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYMETRA LIFE INSURANCE CO., *et al.*, § § | |
| Plaintiffs, § § | |
| NATIONAL ASSOCIATION OF § SETTLEMENT PURCHASERS, § § | |
| Intervenor, § § | |
| VS. § § | CIVIL ACTION NO. H-05-3167 CIVIL ACTION NO. H-06-2933 |
| RAPID SETTLEMENTS, LTD., § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

This Memorandum and Order addresses the motion of Symetra Life Ins. Co. and Symetra Assigned Benefits Co. (together, "Symetra") for attorneys' fees and costs incurred in suing Rapid Settlements, Ltd. ("Rapid") in this federal litigation. Symetra applied for $1,023,906.65 in attorneys' fees and costs for pursuing injunctive relief against six transfers for which fees were not already awarded. (Docket Entry Nos. 381, 398, 399, 401). Symetra supported its application with several affidavits and documents, including time records and invoices from its counsel. Based on the record, the applicable law, and the arguments of counsel, Symetra's Motion for Attorneys' Fees, (Docket Entry No. 381), is granted in part and denied in part, and Rapid's Rule 26 objections and its Motion to Exclude Expert Opinions, (Docket Entry Nos. 388, 390), are denied. Symetra is entitled to the fees and costs it incurred pursuing injunctive relief against the six specific transfers at issue in this federal litigation, in the amount of $901,297.63. Rapid must pay Symetra this amount

1

no later than December 3, 2015.

The reasons for these rulings are explained below.

## I. Background

This litigation arises from Rapid's noncompliance with the Washington and Texas State Structured Settlement Protection Acts (the "SSPAs"). Rapid has been repeatedly sued and found liable for avoiding SSPA requirements intended to protect annuitants from unscrupulous and predatory efforts to strip these often vulnerable individuals of their future income streams on unfair terms. *See Allstate Life Ins. Co. v. Rapid Settlements, Ltd.*, No. CIV.A.3:06CV00629DPJ, 2007 WL 2745806 (S.D. Miss. Sept. 20, 2007); *In re Rapid Settlements, Ltd.*, 202 S.W.3d 456 (Tex. App.—Beaumont 2006, no pet.); *Pac. Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 06-CV-6554L, 2007 WL 2530098 (W.D.N.Y. Sept. 5, 2007). On September 9, 2005, Symetra sued Rapid in this case seeking, in part, an injunction barring Rapid from using arbitration to circumvent the SSPAs to obtain annuitants' rights to future payments from structured-settlement funds Symetra administered. The National Association of Settlement Purchasers ("NASP") intervened and sought a similar injunction.[1] The detailed background is laid out in prior opinions, *see Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 245-47 (5th Cir. 2014), *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 599 F. Supp. 2d 809, 813–26 (S.D. Tex. 2008), and is not repeated here.

In January 2007, this court preliminarily enjoined Rapid from using arbitration to effect "transfers," as defined under SSPAs in 47 states, without obtaining the state-court approval those Acts require.[2] (Docket Entry No. 84). In June 2007, this court held Rapid in contempt for

---

[1] NASP did not move for attorneys' fees and costs.

[2] Throughout the opinion, "Act" or "Acts" refers to a state structured-settlement protection act or acts.

garnishing a Symetra annuitant's payments in violation of that injunction. (Docket Entry No. 148). In March 2008, the court entered a permanent injunction, (Docket Entry Nos. 240, 253), which the Fifth Circuit affirmed in the first appeal this case generated.

In October 2011, this court granted in part and denied in part Symetra's and NASP's motions for summary judgment as to Rapid's liability, issued an amended summary-judgment opinion, and entered declaratory judgment in favor of Symetra and NASP. (Docket Entry Nos. 299, 321, 323). In November 2012, this court granted in part and denied in part Symetra's motion for summary judgment on attorneys' fees. (Docket Entry No. 352). The court held that Symetra was entitled to its reasonable fees and costs relating to *Niemeier v. Gross*, No. 65C01–0504–PL–00105, 2008 WL 4892985 (Ind. Cir. Ct. Apr. 10, 2008), and to Rapid's June 2007 contempt in this case. The court reluctantly concluded that Symetra was not entitled under the SSPAs to recover the fees and costs it incurred in this federal litigation. *Id.* In a second appeal, the Fifth Circuit reversed the denial of attorneys' fees arising from Rapid's noncompliance with the Texas and Washington SSPAs and remanded for this court to determine "the causal connection between the [SSPA] violations and the fees incurred." *Symetra*, at 775 F.3d at 248.

This court's task is to determine Symetra's reasonable costs and attorneys' fees for successfully pursuing injunctive relief against the six specific transfers. A critical issue is whether, on remand, "Symetra adequately segregated the fees related to the specific annuitants for SSPA violations, for which fees are recoverable, from: 1) the fees incurred to enjoin future SSPA violations in unnamed cases; and 2) the fees incurred to develop non-SSPA claims," which Symetra cannot recover. *Symetra*, 775 F.3d at 250.

## II.     The Timeliness of the Fee and Cost Request

3

Rapid argues that Symetra's failure to file its fee application within 14 days from the entry of judgment makes it untimely under Rule 54(d)(2)(B)(i). This argument fails. Symetra requested the fees and costs incurred in this court in its February 28, 2012 motion for partial summary judgment. (Docket Entry No. 316 at 1-2).

Rapid argues that Symetra may not recover the fees it incurred on the second appeal because Symetra did not request these appellate fees until after the Fifth Circuit reversed the denial of fees Symetra had incurred in this court and remanded. Symetra was not required to submit its request for appellate fees before the Fifth Circuit's reversal and remand, because the Rule 54 14-day deadline does not apply to a request for appellate fees on remand.

One purpose of the 14-day deadline is to allow a district court to rule on attorneys' fees before an appeal, so that the merits and attorneys' fees can be resolved in a single appeal. *See* FED. R. CIV. P. 54 advisory committee's note to the 1993 amendment. A request for fees incurred on appeal, made after partial reversal and remand, does not implicate that purpose. A district court must rule on the appellate-fee award before that ruling can be appealed, along with any other issues determined on remand. *Southern Travel Club, Inc. v. Carnival Air Lines*, Inc., 986 F.2d 125, 131 (5th Cir.1993) ("[A]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain").

Another purpose of the 14-day deadline is that "[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." *See* FED. R. CIV. P. 54 advisory committee's note to the 1993 amendment. This purpose is not implicated by an appellate fee request made before fees are incurred.

Moreover, a district court generally is not in a good position to rule on appellate fees in

4

advance of the appeal. The fees have not yet been incurred and the services not yet rendered. A district court does not err by declining to award appellate fees before the appeal. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003). If the appeal results in a remand, as here, the district court is then able to determine the prevailing party's request for the fees it incurred on appeal. *Id.*; *Stone v. City of Witchita Falls*, 668 F.2d 233, 233-34 (5th Cir. 1982).

Symetra cites to the Fifth Circuit's unpublished opinion in *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, No. 02-20853, 2003 WL 21756344, at *1-2 (5th Cir. June 16, 2003). That case is distinguishable. The party seeking appellate fees in *Texas Soil* had been awarded attorneys' fees incurred at trial. The Fifth Circuit affirmed this fee award but denied appellate fees not previously requested. *Id.* In this case, the district court denied Symetra's request for the attorneys' fees incurred in the district court, and the Fifth Circuit reversed that ruling and remanded. On remand, "[a] new period for filing will automatically begin if a new judgment is entered." FED. R. CIV. P. 54 advisory committee's note to the 1993 amendment.

The Sixth Circuit in *Turic v. Holland Hospitality*, No. 94-1424/94-1467, 1996 U.S. App. LEXIS 25291, *3 (6th Cir. Sept. 17, 1996) (unpubl.), and the Seventh Circuit in *JCW Invs., Inc. v. Novelty, Inc.*, 509 F.3d 339, 342 (7th Cir. 2007), have held that the 14-day deadline applies only to fees incurred in the district court and that Rule 54 is silent on the deadline for appellate fees. *See also* 10 MOORE'S FEDERAL PRACTICE - CIVIL § 54.151 ("Rule 54(d)(2)'s 14-day period does not apply to a request submitted to the court of appeals for an award of fees incurred on appeal.").

Less than 14 days after the Fifth Circuit's remand and mandate, Symetra was granted an extension of time to file its attorneys' fees request. Symetra filed its request within the extended

5

period.  Symetra's request for its appellate fees was timely.

## III. The Rule 26 Disclosures

The court rejects Rapid's argument that Symetra failed to make timely and complete disclosures under Rule 26, for the reasons stated in this court's previous rulings on attorneys' fees in this case.  *See Symetra Life Ins. Co. v. Nat'l Ass'n of Settlement Purchasers*, No. CIV.A. H-05-3167, 2012 WL 5880799, at *11 (S.D. Tex. Nov. 21, 2012) (Rule 26 disclosures do not apply to fee applications and Rapid was not prejudiced by nondisclosure), *rev'd and remanded sub nom. on other grounds*, *Symetra*, 775 F.3d at 254.  Rapid's Rule 26 objections are overruled, and its motion to exclude experts, (Docket Entry Nos. 388, 390), is denied.

## IV. The Motion for Attorneys' Fees

### A. The Legal Standards

Texas courts generally use the lodestar method for calculating attorneys' fees.  *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012);  *see also Guity v. C.C.I. Enter.*, 54 S.W.3d 526, 528 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorneys' fees, the fact finder must be guided by a specific standard.  This standard is substantially similar under both federal law and state law.").  The first lodestar step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case, based on "the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The second step is to determine the number of hours "reasonably expended."  *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 284 (5th Cir. 2008).

When a plaintiff seeks attorneys' fees in a case involving multiple claims, at least one of which supports a fee award and at least one of which does not, the plaintiff must offer evidence

6

segregating the hours worked between these claims. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-14 (Tex. 2006). No duty to segregate arises when discrete legal services advance both a recoverable and unrecoverable claim that are so intertwined that the time spent and fees incurred cannot be segregated. *Chapa*, 212 S.W.3d at 313-14. The party invoking this exception to the duty to segregate has the burden of demonstrating that it applies. *Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio*, 269 S.W.3d 628, 642 (Tex. App.—San Antonio 2008, pet. granted, judgm't vacated by agr.) (citing *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 455 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *Spears v. Huber*, No. 07-11-0193-CV, 2012 WL 933780, at *3 (Tex. App.—Amarillo, Mar. 20, 2012, no pet.) (mem op.). An applicant seeking fees for legal services for intertwined claims should estimate the percentage of the time spent that would have been necessary without the claims that did not support a fee award. *Chapa*, 212 S.W.3d at 314.

An added consideration is whether the party seeking attorneys' fees exercised billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saipan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "'[B]illing judgment' is an important component in fee setting" because "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.* at 799; *see also Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).

Another consideration is whether the hours claimed yield a fee that is excessive compared to the amount at stake or owed. *See Sibley v. RMA Partners, L.P.*, 138 S.W.3d 455, 459 (Tex. App.—Beaumont 2004, no pet.). "Attorneys' fees must bear some reasonable relationship to the amount in controversy." *Cordova v. Sw. Bell Yellow Pages*, 148 S.W.3d 441, 448 (Tex. App.—El Paso 2004, no pet.) (citing *Rep. Nat'l Life Ins. Co. v. Heyward*, 568 S.W.2d 879 (Tex. Civ. App.—Eastland 1978, writ ref'd n.r.e.)). Texas law, however, does not require precise proportionality between the fees awarded and either the relief obtained or the original amount in controversy. "[D]isproportion alone does not render the award of attorneys' fees excessive." *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 355 (5th Cir. 2001) (affirming $712,000 in attorneys' fees on recovery of $74,570 in actual damages on various state statutory and common-law claims); *see also Quanta Serv's Inc. v. Am. Admin. Grp. Inc.*, 384 Fed. App'x 291, 298 (5th Cir. 2008) (affirming $116,767.68 in attorneys' fees for a $100,000 damages award in a contract suit).

After the court completes both steps, it multiplies the hours "reasonably expended" by the reasonable hourly rates to determine the lodestar. *Id.* The court then decides whether to increase or decrease the amount based on the factors in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of

8

the professional relationship with the client, and (12) awards in similar cases. *Id.* at 717–19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Coop., Inc. v. Weber*, 238 S.W.3d 582, 585–87 (Tex. App. — Dallas 2007, no pet.).

**B.     Symetra's Fee Application**

Symetra seeks $983,910.00 in attorneys' fees. Its application is supported by two sets of affidavits.[3] The Lefkowitz affidavits cover fees incurred by counsel for Symetra at the district-court level and requests $919,247.00. The Carboy affidavits cover fees incurred by appellate counsel for Symetra and requests $64,663.00. Of the $64,663.00 covered by the Carboy affidavits, $45,894.00 was incurred in post-judgment litigation and in the second appeal. The remaining amount was incurred preparing Symetra's fee application.[4]

**C.     The Hourly Rate**s

Rapid asserts that Symetra's requested hourly rates are unreasonable. "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984)). "When an attorney's customary billing rate is the rate at which the attorney requests

---

[3] Lefkowitz and Carboy each submitted affidavits in support of Symetra's Fee Application. *See* (affidavits of Jeff Lefkowitz, Docket Entry No. 381, Ex. 1; Docket Entry No. 399; Docket Entry No. 404, Ex. A); (affidavits of Gregory W. Carboy, Docket Entry No. 381, Ex. 1; Docket Entry No. 398).

[4] Fees incurred preparing a fee application are recoverable under applicable law. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 606-07 (Tex. App.—San Antonio 2005, no pet.) (affirming fee award that included fees incurred pursuing fees); *Walker v. U.S. Dep't of Hous. & Urban Dev.,* 99 F.3d 761, 775 (5th Cir. 1996)*; La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995); *Alberti v. Klevenhagen,* 896 F.2d 927, 937 (5th Cir 1990), *vacated in part,* 903 F.2d 352 (5th Cir. 1990)*; OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. CIV.A. H-11-3061, 2015 WL 5098552, at *12 (S.D. Tex. Aug. 31, 2015) (applying Texas law).

the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327-28 (5th Cir. 1995).

The court takes judicial notice of the prevailing hourly rates in Harris County, Texas during this litigation.[5] Symetra's attorney's hourly rates are within the prevailing range in Harris County, given Counsel for Symetra's experience and work in this case and the type of litigation. The rates are reasonable.

> **D.     A Reasonable Number of Hours**
>
> **1.     Legal Assistants**

To recover fees for work by legal assistants, a party must present evidence of the "qualifications of the legal assistant[s] to perform substantive legal work," *El Apple*, 370 S.W.3d at 763, through evidence of the assistants' "education, training or work experience." *Moody v. EMC Servs., Inc.*, 828 S.W.2d 237, 248 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Texas cases follow this requirement. In *Law Offices of Rodney R. Elkins v. Alexander*, No. 05-95-00446-CV, 1996 WL 167923, at *3 (Tex. App.—Dallas Apr. 8, 1996, no writ) (not designated for publication) the court denied legal-assistant fees because the requesting party failed to provide information on the legal assistant's "background," including "education, training, or work experience." Similarly, in *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790307, at *8 (W.D. Tex. July 19, 2013), the court applied Texas law to deny legal-assistant fees because the only

---

[5] The court has reviewed the hourly rates contained in the Texas State Bar's "Hourly Rates in 2005 Report" and "2009 Hourly Fact Sheet."

10

evidence of their qualifications was an affidavit statement that the assistants were "highly skilled legal technology specialists."

Symetra has presented no evidence of the "education, training or work experience" of the legal assistants identified in the Lefkowitz affidavits. The only record evidence is Lefkowitz's affidavit statement that they "were qualified to perform their work." (Docket Entry No. 399 at ¶ 19). Symetra may not recover fees for work by these legal assistants. Symetra has presented evidence of the qualifications of the legal assistants identified in the Carboy affidavits. Symetra may recover these fees.

        **2.**        **Segregation**

Rapid argues that Symetra has not met its burden of segregating between fees incurred pursuing recoverable claims and fees incurred pursuing nonrecoverable claims. The record undercuts Rapid's argument.

Counsel for Symetra reviewed the time entries for legal services in this decade-long case and identified the percentage of time necessary to advance recoverable claims. (Docket Entry No. 399 at ¶¶ 2-8); (Docket Entry No. 398 at ¶¶ 10-12). Symetra explained the basis for assigning that percentage for nearly all the time entries. (Docket Entry No. 399 at ¶¶ 5-8). Symetra sought fees for work on recoverable and nonrecoverable claims only for the recoverable amounts Symetra would have paid if the claims were limited to injunctive relief as to one or more of the six specific transfers. (*Id.* at ¶ 5); (Docket Entry No. 398 at ¶¶10-12). This satisfies the segregation requirement. *See Chapa*, 212 S.W.3d at 314 ("[A]n opinion would have sufficed stating that, for example, 95 percent

11

of their drafting time would have been necessary even if there had been no fraud claim.").[6]

### 3. Block Billing

Rapid argues that Symetra's "block billing" requires reducing the fee recovery. Block billing is the "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat. Pension Fund,* No. 3:09-CV-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quoting *Glass v. United* States, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)). "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation. When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task and . . . is . . . hindered in determining whether the hours billed are reasonable." *Barrow v. Greenville Indep. Sch. Dist., No.* 3:00-CV-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005). But "a reduction for block billing is not automatic." *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 864 (S.D. Tex. 2011). "[B]efore reducing the fee request based on block billing, the court must evaluate whether the applicant's evidence is adequate to enable it to determine the reasonableness of the hours expended." *Fralick,* 2011 WL 487754, at *5. The difficulty block billing presents is reduced when several tasks within a single entry all "reflect a single objective." *Miller v. Raytheon Co.*, No. 3:09-CV-440-O, 2013 WL 6838302, at *10 (N.D. Tex. Dec. 27, 2013).

Courts vary in responding to block billing. In *Fralick*, the court reduced recoverable hours by 10% due to block billing. *Fralik*, 2011 WL 487754, at *6. Some of the time entries in *Fralik*

---

[6] The court rejects Rapid's argument that inconsistences in the Lefkowitz affidavits undermine their credibility and create a fact issue. Changes in the total amount Symetra requested over time reflect the application of a more precise analysis, and the alleged inconsistencies are not material to the issues.

contained multiple tasks with one time allotment; some contained only one task. *Id.* Of the entries with multiple tasks, the number of tasks per entry was "fewer . . . per day or shorter time increments per entry than some of the more egregious examples of block billing found in various cases." *Id.* The offending time entries ranged from 2.5 to 5.25 hours. *Id.* at *5-6. In *Paris v. Dallas Airmotive, Inc.*, No. Civ.A. 3:97–CV–0208, 2004 WL 2100227, at *9, *11 (N.D. Tex. Sept. 21, 2004), the court reduced fees by 40% because of repeated block-billed entries and highly redacted and generally unreliable supporting documentation.

The time entries submitted with the Lefkowoitz affidavits show some block billing, but most of the invoices show a single time entry for all the legal tasks performed that day on the case. The court finds that the amount and extent of block billing is low relative to other cases.[7] The daily time entries identify and provide detailed information about the discrete legal tasks performed that day.[8] The average amount of blocked time is around three hours, but many of the entries are for a shorter time, and many contain only one or two legal tasks reflecting a single objective. The court is able to determine whether the amount of time billed was reasonable. Symetra's fees supported by the Lefkowitz affidavits are reduced by 3% for block billing.

The time entries submitted with the Carboy affidavits do not show block billing. Time was entered for each discrete legal task performed and the court can determine whether the amount of

---

[7] *See Barrow*, 2005 WL 6789456, at *4 (20% reduction for block billing noting that a sample entry contained 14 separate legal tasks); *Paris*, 2004 WL 2100227, at *9, *11 (40% reduction for repeated block billing); *Fralick*, 2011 WL 487754, at *5 (10% reduction for moderate block billing).

[8] The court similarly rejects Rapid's argument that Symetra's time entries are vague. Symetra's entries generally describe the legal task performed with enough detail and in a context that allows the court to make a judgment on the reasonableness of the time spent. The entries are "not so vague or unilluminating that they precluded meaningful review of whether particular hours were reasonably expended on this litigation or whether the hours spent were excessive or duplicative." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997).

time billed was reasonable. Symetra's fees supported by the Carboy affidavits are not reduced for block billing.

### 4. Billing Judgment

Rapid and Symetra agree that there is no evidence that Symetra exercised billing judgment for time entries submitted with the Lefkowitz affidavits. Symetra did exercise billing judgment for time entries submitted with the Carboy affidavits. (Docket Entry No. 398 at ¶15). Some courts have reduced recoveries by 15% or more if a party presented no evidence of the exercise of billing judgment. *See Cookston v. Freeman, Inc., No.* 3:98-CV-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999) (15% reduction for lack of billing judgment); *Hopwood*, 236 F.3d at 279 (25% reduction for lack of billing judgment). Other courts have reduced recoveries by less if other reductions are made. *See Fralick*, 2011 WL 487754 at *3-4. This court is making reductions to address other deficiencies in Symetra's fee application. Fees supported by the Lefkowitz affidavits are reduced by 3% based on the billing judgment factor.[9] Fees supported by the Carboy affidavits are not reduced for a lack of billing judgment.

### 5. Clerical Tasks

Attorneys' fees for time spent on clerical or administrative tasks are generally not recoverable. *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such nonlegal work may command a lesser

---

[9] The court also rejects Rapid's argument that fees should be reduced because Symetra "overstaffed" the case. A review of the record reveals that most of the legal work was done by a relatively few number of attorneys whose billing rates were appropriate for the work conducted.

14

rate. Its dollar value is not enhanced just because a lawyer does it."); *see Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702 (Tex. App.—Dallas 1988, writ denied) (legal-assistant time may only be awarded for work that "has traditionally been done by any attorney.").[10]

The time entries for administrative and clerical tasks submitted with the Lefkowitz affidavits are a minor fraction of the total hours spent and work done for Symetra. The vast majority of the work was billed for recoverable legal tasks. Symetra's recovery of fees supported by the Lefkowitz affidavits are reduced by 3% for including time for clerical and administrative work. The time entries submitted with the Carboy affidavits do not contain time for administrative and clerical tasks. Fees supported by the Carboy affidavits are not reduced.

### 6. Relationship to the Amount at Stake

Rapid argues that Symetra's fee request is excessive because Rapid "only" paid $165,000 for the transfers. (Docket Entry No. 389 at 24). This argument ignores the present value of the transfers from Symetra's perspective, which was $1,200,000. (Docket Entry No. 381, Ex. 1 at 9). It also ignores that Symetra was potentially faced with double liability and the repeated nature of Rapid's violations of the SSPA. *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 599 F. Supp. 2d

---

[10] No single test determines whether a task is legal or clerical. Courts often use nonexhaustive lists of tasks qualifying as clerical. *Compare Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288 (1989) (holding that a full fee for less sophisticated legal tasks, including: "factual investigation . . . assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence" is appropriate), *with Walker*, 99 F.3d at 771 (holding that "responding to requests . . . for information, . . . gathering information, . . . interviewing class members, investigating complaints, and developing a coherent picture" were clerical tasks); *see also Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) ("[H]ours spent drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing case materials, and filing notices of address change are not compensable because they are clerical in nature."); *Fralick*, 2011 WL 487754, at *8 (holding that "preparing exhibits, serving and filing proofs of service, organizing files, faxing drafts, telephone conferences with an assistant, organizing research, telephone conferences with chambers regarding status, and emailing comments to co-counsel about the court's opinion" were noncompensable clerical tasks).

at 834. Symetra's fees are reasonable in relationship to the issues and amounts at stake.

### E.     Conclusion

The total reduction for fees supported by the Lefkowitz affidavits is 9%. Legal-assistant fees supported by the Lefkowitz affidavits, totaling $21,844.47, are denied.[11] Based on these reductions, the recoverable fees supported by the Lefkowitz affidavits are $816,636.30. The recoverable fees supported by the Carboy affidavits are $64,663.00. The recoverable fees total $881,299.30. No adjustment to the lodestar under the *Johnson* factors is appropriate.

## V.     Costs

Rapid argues that many of the costs Symetra seeks are not recoverable under 28 U.S.C § 1920. Although state law governs attorneys' fees, costs are procedural and controlled by federal law. *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43-44 (5th Cir. 1993). "28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

Costs recoverable under § 1920 are:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Costs are "limited to relatively minor, incidental expenses" and "are a fraction

---

[11] Symetra does not identify which of its timekeepers are legal assistants. This court assumes that any timekeeper whose hourly rate is consistently below $175.00 is a legal assistant and their fees are excluded. This includes timekeepers Youngling, Sheitheim, and Hester.

16

of the nontaxable expenses borne by litigants." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).

The unrecoverable costs Symetra seeks include costs for computerized legal research, *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010); delivery services, *Johnson v. Holway*, 522 F. Supp. 2d 12, 19 (D.D.C. 2007); and travel expenses, *see Webster v. M/V Moolchand, Sethia Liners, Ltd.*, 730 F.2d 1035, 1040 (5th Cir. 1984). Symetra submitted invoices totaling $39,996.65 in costs. This court has reviewed these invoices and the affidavits Symetra submitted. Approximately 50% percent of Symetra's costs are unrecoverable. The total recoverable costs are $19,998.33.

## VI.     Conclusion and Order

Symetra's motion for attorneys' fees is granted in part and denied in part and its Rule 26 objections and motion to exclude expert opinions are denied. Symetra is awarded $881,299.30 for its reasonable attorneys' fees and $19,998.33 in costs. Rapid must pay Symetra the total of $901,297.63 no later than December 3, 2015. Symetra's request for prospective attorneys' fees in the event of Rapid's unsuccessful appeal of this opinion is to be presented to the appellate court.

SIGNED on November 4, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge